IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROSANNA L. MILLER,**

       **Plaintiff,**

                                  **Case No. 2:15-cv-077**
   **v.**                                 **Judge Sargus**
                                  **Magistrate Judge King**

**LOGAN COUNTY CORPORATION,** *et al.,*

       **Defendants.**

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

    Plaintiff's motion for leave to proceed without prepayment of fees or costs, ECF 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the tendered *Complaint* required by 28 U.S.C. § 1915(e), the Court concludes that the *Complaint* fails to state a claim upon which relief can be granted. It is therefore **RECOMMENDED** that the *Complaint* be dismissed.

    The *Complaint* appears to assert a claim for a writ of mandamus to require defendant Michael L. Brady, identified as the Probate and Juvenile Court Judge for Logan County, Ohio, to produce "a Certified copy of the Certificates of Oath of Office with Bond" as purportedly required by Ohio law and the federal Freedom of Information Act, 5 U.S.C. § 552.[1] Federal courts have no authority to issue writs of

---

[1] The *Complaint* also names other individuals and entities, including an insurance company, although the *Complaint* contains no allegations directed to these defendants.

mandamus directing state officials to comply with state law.  *Haggard v. State of Tennessee,* 421 F.2d 1384 (6th Cir. 1970). Moreover, the federal Freedom of Information Act, 5 U.S.C. § 552, applies only to federal agencies, *see* 5. U.S.C. §§ 552(f), 551(1), and has no application to state agencies or officials.

It is therefore **RECOMMENDED** that this action be dismissed for lack of jurisdiction or for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district

court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                           *s/  Norah McCann King*___
                                           Norah McCann King
                                           United States Magistrate Judge
January 13, 2015