UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSANNA L. MILLER,
        Plaintiff,

    v.

                            Civil Action 2:15-cv-77
                            CHIEF JUDGE EDMUND A. SARGUS, JR.
                            Magistrate Judge Norah McCann King

LOGAN COUNTY CORPORATION, et al.,
        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Rosanna Miller's Objection (ECF No. 6) to the Magistrate Judge's January 13, 2015 Order and Report and Recommendation (ECF No. 4). The Magistrate Judge recommended dismissing Miller's Complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted. As the Magistrate Judge explained, "Federal courts have no authority to issue writs of mandamus directing state officials to comply with state law." Report & Recommendation at 1-2 (citing *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)). Further, the federal Freedom of Information Act applies only to federal agencies and not to the federal courts. *See* 5 U.S.C. §§ 552(f), 551(1).

Nothing in Miller's Objection calls the applicability of these principles into doubt. She suggests that a petition for quo warranto cannot be dismissed for lack of jurisdiction. This ignores the fact that the Court cannot provide Miller the relief she seeks. In any event, the Court can dismiss for lack of jurisdiction. *See, e.g., Bhambra v. Cnty. of Nev.*, No. CIV S-09-3124 JAM, 2010 WL 3258836, at *4 (E.D. Cal. Aug. 16, 2010) ("[B]ecause plaintiff has not established that this Court has jurisdiction over his Writ [of quo warranto], the defendants' motions to dismiss for lack of jurisdiction must be granted."); *cf. Miller v. Wayne Sav. & Loan Co.*, No. 5:13CV135, 2013 WL 557308, at *2 (N.D. Ohio Feb. 12, 2013) (describing who may

1

bring a quo warranto action under Ohio law). And as for Miller's request that the action be transferred under 28 U.S.C. § 1631, a "court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) 'transfer would not be in the interest of justice.'" *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). Miller points to no other federal court that would have jurisdiction and makes no showing that transfer would be in the interest of justice.

The Court **OVERRULES** Miller's Objections (ECF No. 6) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 4).

   **IT IS SO ORDERED.**


_____9-1-2015_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**